Rawlings v. Powers.

---

MELVIN L. RAWLINGS, PLAINTIFF IN ERROR, v. F. POWERS, DEFENDANT IN ERROR.

Attachment: DAMAGES: NEGLIGENCE. Where a professional person is employed to render certain service in the line of his profession, and the testimony when construed most strongly against him tends to show mere negligence in performing the same, from which his employer suffers damage, such employer will not be entitled to an attachment against the property of such person in an action to recover such damages upon the ground that he had fraudulently contracted the debt.

ERROR to the district court for Gage county. Tried below before BROADY, J.

T. D. Cobbey, for plaintiff in error, cited: Railroad v. Peoples, 31 Ohio State, 543. Bank v. Fonda, 32 N. W. R., 665. Assurance Co. v. Towle, 26 N. W. R., 104.

*A. Hardy*, for defendant in error, cited: *Handy v. Brong*, 4 Neb., 60. *Tuttle v. Smith*, 6 Abb. Pr., 329. *Cobb v. Dunkin*, 19 How. Pr., 164. *Tuttle v. Smith*, 14 How. Pr., 395.

MAXWELL, J.

This action was brought by the plaintiff against the defendant, before a justice of the peace, to recover damages, and an affidavit for an attachment was filed and an attachment issued and levied on certain property of the defendant. A motion was made before the justice to discharge the attachment, which motion was overruled, and judgment was rendered in favor of the plaintiff in the sum of $125. The case was taken on error to the district court, where the judgment of the justice sustaining the attachment was reversed, and to secure the reversal of this judgment the cause was brought into this court.

The bill of particulars is as follows: "Comes now the above named plaintiff, and alleges that there is the sum of $200 due him from defendant upon failure to perform his contract as agreed in this. Defendant represented himself to be a skillful veterinarian, and a competent man to castrate horses, and by such representations induced plaintiff to let him operate upon a valuable horse of his, the said defendant guaranteeing a good and workmanlike job. Plaintiff alleges that said castration was not done in a good and workmanlike manner, but, on the other hand, was done in a very unskillful manner, to the damage of this plaintiff in the sum of $200. Wherefore plaintiff asks judgment for the sum of $200 and costs."

The affidavit for an attachment, omitting the formal parts, is as follows:

"The said plaintiff, Melvin L. Rawlings, makes oath that the claim in this action is upon contract; that defendant contracted to castrate a valuable horse for him in a

workmanlike and skillful manner; that he failed and neglected so to do, whereby plaintiff has been damaged in the sum of $200; and the said Melvin L. Rawlings also makes oath that said claim is just, and that he, the said Melvin L. Rawlings, ought, as he believes, to recover thereon $200. He also makes oath that F. Powers, christian name unknown, fraudulently contracted the debt or incurred the obligation for which suit is about to be brought.

"MELVIN L. RAWLINGS."

It will be observed that the ground of the attachment is, that the defendant fraudulently contracted the debt or incurred the obligation. There are a large number of affidavits in the record tending to show that the horse which the defendant castrated for the plaintiff bled profusely from the wound for several days; and that the plaintiff incurred considerable expense in stopping the flow of blood, and perhaps saving the horse's life. The principal objection made by the plaintiff in his affidavit in support of the attachment is, that "no clamps were put upon said horse, but some kind of a patent washer was used," and that the defendant, in taking out one of the testicles, had "cut across the seam." Whether this cutting across the seam was caused by the struggles of the animal, or not, does not appear. Neither is the mode ordinarily pursued in such cases set out in the record. For aught that appears, the defendant may be a skillful veterinary surgeon, and the hemorrhage the result of accident. He may be liable for negligence in the performance of the service, but the testimony falls far short of showing that he fraudulently contracted the debt. Upon the facts, therefore, the judgment of the district court is clearly right, and as no sufficient grounds for the attachment are shown, it was properly discharged.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.